# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | Arlander Keys |
|---|---|---|---|
| CASE NUMBER | 02 C 2171 | DATE | 11/1/2002 |
| CASE TITLE | Kraft Foods Holdings, Inc. vs. Stuart Helm | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Memorandum Opinion and Order entered. Plaintiff's Motion to Correct the Record and for Judicial Notice [#34] is granted. *AK*
(11) ■ [For further detail see order attached to the original minute order.]

| | | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 4 | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | | 38 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 11/1/2002 | |
| ✓ | Copy to judge/magistrate judge. | | date mailed notice | |
| FT/ *recy* | courtroom deputy's initials | Date/time received in central Clerk's Office | FT mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KRAFT FOODS HOLDINGS, INC., a Delaware corporation<br><br>Plaintiff,<br><br>v.<br><br>STUART HELM a/k/a "KING VELVEEDA,"<br><br>Defendant. | Case No. 02 C 2171<br><br>Judge Ronald A. Guzman<br><br>Magistrate Judge Arlander Keys |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff Kraft Foods Holdings, Inc.'s Motion to Correct the Record and for Judicial Notice, pursuant to Federal Rule of Appellate Procedure 10(e) and Federal Rule of Evidence 201(b). For the reasons set forth below, the Court grants Plaintiff's motion.

## BACKGROUND

The parties return to the Court to resolve an issue concerning the accuracy of the record on appeal, while the underlying case is currently pending before the United States Court of Appeals for the Seventh Circuit.[1] Stuart Helm is appealing this Court's decision in *Kraft Foods Holdings, Inc. v. Helm*, 205 F. Supp. 2d 942 (N.D. Ill. 2002). In *Helm*, this Court preliminarily enjoined Mr. Helm, who also calls himself "King VelVeeda," from using all references

---

[1] *Kraft Foods Holdings, Inc. v. Helm*, 205 F. Supp. 2d 942 (N.D. Ill. 2002), *appeal docketed*, No. 02-2632 (7th Cir. June 21, 2002).

to "VelVeeda," in any commercial activity, including on his website and on any other websites on which Mr. Helm posts content. 205 F. Supp. 2d at 956. Kraft Foods Holdings, Inc. ("Kraft Foods Holdings") brought suit against Mr. Helm charging him with dilution of its trademark, "Velveeta®," pursuant to the Federal Trademark Dilution Act of 1995 and the Illinois Trademark Registration and Protection Act. *Id.* at 945. Kraft Foods Holdings sought a preliminary injunction against Mr. Helm, which this Court granted after finding that Kraft Foods Holdings proved the requisite elements for the granting of a preliminary injunction, including the likelihood that Mr. Helm was diluting the Velveeta® trademark. *Id.* at 956.

Mr. Helm subsequently filed an appeal with the Seventh Circuit. Apparently, Mr. Helm's only issue on appeal is that this Court erroneously found that Kraft Foods Holdings is the owner of the Velveeta® trademark. Mr. Helm does not contest that Kraft Foods Holdings is the owner of the trademark. Mr. Helm argues that Kraft Foods Holdings did not *prove* that it owns the Velveeta® trademark, and thus, did not have standing to sue Mr. Helm.

Kraft Foods Holdings filed the instant motion with this Court in order to correct or modify the record to reflect that Kraft Foods Holdings' ownership of the Velveeta® trademark was correctly established in the district court. Kraft Foods Holdings concedes that certain evidence it proffered to the Court is ambiguous and

contains incorrect statements. Thus, Kraft Foods Holdings seeks to correct the record by having this Court take judicial notice of copies of certified trademark registrations obtained from the United States Patent and Trademark Office, which show that Kraft Foods Holdings owns various Velveeta® trademarks.[2]

**FACTS**

Only the facts pertinent to the resolution of the matter currently before the Court are discussed here.[3] On March 25, 2002, Kraft Foods Holdings filed suit against Mr. Helm, a/k/a "King Velveeda," charging that Mr. Helm was diluting its Velveeta® trademark. (Compl. at 1.) Mr. Helm, in both his initial *pro se* Response, and in his Supplemental Response filed after he retained counsel, denied any charges that he was diluting Kraft Foods Holdings' trademark. (*See*, Resp. at 1, Suppl. Resp. at 8.)

Both parties' preliminary injunction briefs contain numerous references to Kraft Foods Holdings, defined by both parties in their respective briefs as "Kraft," as the owner of the Velveeta® trademark or as holding ownership rights to the trademark.

---

[2] Kraft Foods Holdings attached various exhibits to its Motion, which it does not expressly ask the Court to judicially notice. Therefore, the Court will disregard such exhibits, and proceeds to discuss only the certified registration statements of the United States Patent and Trademark Office of which Kraft Foods Holdings explicitly requested the Court to take judicial notice.

[3] For a more comprehensive discussion of the facts of the underlying case, see *Helm*, 205 F. Supp. 2d 942, 943-46.

Throughout all of Kraft Foods Holdings' pleadings and briefs filed before the Court relating to the preliminary injunction, Kraft Foods Holdings has referred to itself as the owner of the Velveeta® trademark and refers to the trademark as its own. *See* Kraft Foods Holdings' Complaint for Injunctive Relief and Damages at ¶7 ("[Kraft Foods Holdings] is the owner of numerous federally-registered trademarks relating to its Velveeta® family of cheese and cheese-related products"); Motion for Preliminary Injunction at ¶1 ("[Kraft Foods Holdings] is the. . .holder of numerous federally-registered trademarks relating to its Velveeta® brand of products"); Memorandum of Law in Support of Motion for Preliminary Injunction, at 2-3 ("[Kraft Foods Holdings] owns numerous federally-registered trademarks relating to its Velveeta® family of cheese and related products"); and Reply in Support of Motion for Preliminary Injunction at 1, 12 (". . .[Kraft Foods Holdings'] famous Velveeta® brand name. . .") and ("[Kraft Foods Holdings'] efforts to enforce its rights and protect its Velveeta® [m]arks. . . .")

Mr. Helm's filings similarly refer to Kraft Foods Holdings as the owner of the Velveeta® trademark, with the rights of a trademark owner. *See* Helm's Response to Plaintiff's Motion for Temporary Injunction at 1 ("...not a dilution or violation of the trademark of [Kraft Foods Holdings'] processed cheese loaf called 'velveeta'"); and Supplemental Response to Plaintiff's Motion for

Preliminary Injunction at 3 ("...Helm has used the 'King VelVeeda' name for 17 years (longer than [Kraft Foods Holdings] has owned five of the six marks for which it seeks protection")).

Kraft Foods Holdings supplied the Court with an affidavit from Boris L. Oglesby, who identifies himself in the affidavit as the Senior Category Business Director of the Kraft Cheese Division of Kraft foods North America, Inc., which is thereafter defined as "Kraft." (Pl.'s Mem. Supp. Mot. Prelim. Inj., Ex. 1.) Mr. Oglesby affies that "Kraft owns numerous federally registered trademarks relating to its Velveeta® family of cheese and cheese products" and provides the respective dates when each of the trademarks were issued. (*Id.* at ¶4.) Mr. Oglesby also affies that "Kraft is a global manufacturer and distributor of food products that are organized worldwide." (*Id.* at ¶2.)

Attached to Mr. Oglesby's affidavit are copies of the trademark registrations for Velveeta®, with each containing its respective original issue dates. (*Id.*, Ex. 1.) The first trademark registration states that, on January 20, 1923, "Max O. Schaefer, doing business as Velveeta Cheese Company, of Monroe, New York, assignor to Velveeta Cheese Company, Inc., of Monroe, New York, a corporation of New York" registered a Velveeta trademark to Velveeta Cheese Company, Inc. *Id.* The second page of this particular registration shows various renewal, republishing and change of name entries. *Id.* One such entry states "[r]enewed

November 27, 1943, to Kraft Cheese Company, Chicago, Ill;" another entry states, [r]epublished under the Act of 1946, July 6, 1948, by Kraft Foods Company, Chicago, Ill;" an entry that is handwritten appears to state a renewal date of November 27, 1963, although the year is unclear; another entry states "[c]ertificate of change of name from National Dairy Products Corporation to Kraftco Corporation, effective April 19, 1969...;" and finally, another entry on this particular registration states "[c]hange of name from Kraftco Corporation to Kraft, Inc. recorded Dec. 8, 1976." *Id.* The remaining five copies of various Velveeta® trademark registrations lists either Kraft Inc., Kraft General Foods Inc., or Kraft Foods Inc. as the owners of the trademarks. *Id.*

For the purpose of comparing Kraft Foods Holdings' Velveeta® trademark with the King Velveeda mark, Mr. Helm attached to his Supplemental Response a photocopy of a webpage, found at www.kraftfoods.com, which shows the Velveeta® trademark in an advertising for Velveeta® recipes. (Def.'s Suppl. Resp. at 5, Ex. A.) At the bottom of the advertising is a copyright symbol and the words "2001 KF Holdings." (Ex. A.)

On May 17, 2002, after the case was fully briefed, the Court conducted a preliminary injunction hearing which lasted approximately five hours. At the onset of the hearing, counsel for Mr. Helm was allowed an opening statement, whereupon he objected to the hearing going forward on various grounds, unrelated to and not

including the issue of ownership of the trademark. (Hr'g at 11-19.) During his oral objection to the hearing, Mr. Helm's counsel stated that "...[Mr. Helm] has been using [VelVeeda] longer than – he has been using that name longer than the defendant – I'm sorry – the plaintiff has used five of *their* six trademarks that they alleged were infringed upon." (*Id.* at 14)(emphasis added).

When Mr. Oglesby was called to testify at the hearing, he stated that he was currently employed at "Kraft Foods." (*Id.* at 21.) Throughout his testimony, Mr. Oglesby referred to "Kraft" or "Kraft Foods." (*Id.* at 21-85.) The names "Kraft" or "Kraft Foods" or any variation thereof were never defined and were apparently used synonymously. (*See generally id.* at 2-182.)

During his closing statement, Mr. Helm's counsel stated that none of the trademark registrations attached as exhibits to Mr. Oglesby's affidavit name Kraft Foods Holdings as the owner of the trademark. (*Id.* at 175.) Mr. Helm's counsel declared that "the plaintiff in this case, Kraft Foods Holdings, Inc., is by virtue of [Mr. Oglesby's] affidavit not the person or not the entity that owns the trademark and who can bring this action for dilution." (*Id.*) When the Court asked Kraft Foods Holdings' counsel to address its capacity to sue, counsel responded that "Kraft Foods Holdings owns the mark. It's a holding company, owns intellectual

property. And Mr. Oglesby so testify[sic].[4] Kraft Foods uses it under a license from Kraft Foods Holdings. We have the proper party here, the owner of the trademarks." (*Id.* at 180.) The Court replied, "All right. Go ahead." (*Id.*)

**DISCUSSION**

I. **Federal Rule of Appellate Procedure 10(e)**

Federal Rule of Appellate Procedure 10(e) provides that:

> (1) if any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.
>
> (2) if anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
>
>> (A) on stipulation of the parties;
>>
>> (B) by the district court before or after the record has been forwarded; or
>>
>> (C) by the court of appeals.

---

[4] Kraft Foods Holdings now admits that its counsel erroneously stated at the preliminary injunction hearing that Mr. Oglesby testified that Kraft Food Holdings owned the Velveeta® trademark. (Pl.'s Mot. Correct Rec. at 9.)

(3) All other questions as to the form and content of the record must be presented to the court of appeals.

Rule 10(e) ensures that the Court of Appeals "has a complete record of the proceedings leading to the ruling appealed from, not to facilitate collateral attacks on the verdict." *U.S. v. Hillsberg*, 812 F.2d 328, 336 (7th Cir. 1987).

Rule 10(e) "allows the district court to correct omissions and misstatements in the record, [but] it does not allow the court to add to the record on appeal matters that might have been but were not placed before it in the course of the proceedings leading to the judgment under review." *Id.* (internal quotations omitted). The Seventh Circuit will accept the district court's reconstruction of the record unless it was "intentionally falsified or plainly unreasonable." *U.S. v. Keskey*, 863 F.2d 474, 478 (7th Cir. 1988).

The Court has read both parties' briefs relating to the issue of correcting the record and sees the disparity between what the record discloses and what actually occurred before the Court. Thus, in order to provide the Seventh Circuit with a correct and complete record of what truly occurred in the district court, this Court must correct the record and clarify the discrepancies.

The Court recalls that the name "Kraft" was used throughout the proceedings, and any use of the names "Kraft" or "Kraft Foods" was never defined or distinguished from "Kraft Foods Holdings."

9

The Court was misled by the inartful and careless use of the name "Kraft" by both parties in their briefs and during the hearing, which resulted in both the parties and the Court misconstruing and misidentifying which "Kraft" entity was actually being referred to at any given time. Perhaps the generic use of the name "Kraft" was due to the parties' common sense notion that they were referring to Plaintiff Kraft Foods Holdings at all times. The Court will not speculate as to why counsel, especially counsel for Kraft Foods Holdings, was not more precise in his use of Plaintiff's name, or Plaintiff's parent, or subsidiary, or any other "Kraft" entity that was conjured up during the proceedings. The Court does not believe that Kraft Foods Holdings, nor Mr. Helm, was intentionally misstating facts or perpetuating a fraud upon the Court. To the contrary, counsel for Kraft Foods Holdings admits that it was careless in misstating the facts in Mr. Oglesby's affidavit and for using the name "Kraft" so generically. (Pl.'s Mot. Correct Rec. at 6.)

Mr. Oglesby's affidavit, which states that "Kraft" owns the Velveeta® trademarks, appears to connote that Kraft Foods North America, Inc. ("Kraft Foods NA") is the owner, because the term "Kraft," as used in his affidavit, is a defined term for Kraft Foods NA. In its Motion to Correct the Record, Kraft Foods Holdings states that Mr. Oglesby's references to "Kraft" are ambiguous, because he refers to two "Kraft" entities, Kraft Foods

NA and Kraft Foods Holdings using one defined term "Kraft." (Pl.'s Mot. Correct Rec. at 6.) Unfortunately, the Court assumed that the "Kraft" entity referenced in Mr. Oglesby's affidavit was identical to the "Kraft" entity defined in and discussed in Kraft Foods Holdings' briefs.[5]

The Court recalls looking at the trademark registrations originally filed with the Court and noting the "Kraft" entities on the registrations. Further, the Court recalls looking at the exhibit supplied by Mr. Helm, which contained a photocopy of a Velveeta® advertisement with the "© 2001 KF Holdings" emblazoned at the bottom of the advertisement. At no time did the Court believe the proper party was not before it. The names "Kraft," "Kraft Foods Holdings," and "Kraft Foods" were used so synonymously and interchangeably with each other that the Court assumed all were referring to Plaintiff Kraft Foods Holdings, especially when Mr. Helm never stated otherwise until his closing statement, approximately five hours after the commencement of the hearing and

---

[5] After carefully reading the original briefs again, the Court is unsure about the veracity of the phrase "Kraft is a manufacturer and distributor of Velveeta cheese," or a variation of the sentence, which was used by Plaintiff and Mr. Helm in their respective briefs, and subsequently incorporated by this Court in its initial opinion. See Pl.'s Mem. Supp. Mot. Prelim. Inj. at 2; Def.'s Suppl. Resp. Mot. Prelim. Inj. at 1; *Helm*, 205 F. Supp. 2d at 1.) It appears that Kraft Foods Holdings incorporated this phrase from Mr. Oglesby's affidavit, but Mr. Oglesby was likely referring to Kraft Foods NA – not Plaintiff Kraft Foods Holdings. As Kraft Foods Holdings concedes in its Motion to Correct the Record, the use of "Kraft" in Mr. Oglesby's statement was not always used appropriately.

11

after completion of testimony by both parties' respective witnesses. When the Court asked Kraft Foods Holdings' counsel to clarify the issue of ownership, which at that point in the proceedings was not unclear to the Court, the Court was satisfied with counsel's response that Kraft Foods Holdings owned the trademarks and was a holding company that owned intellectual property.

Obviously, Mr. Oglesby's affidavit and the trademark registrations attached to it are incorrect, and Kraft Foods Holdings admits its error in its current motion. According to the certified trademark registrations attached to its Motion to Correct the Record, Kraft Foods Holdings is the true owner of the trademarks, as Kraft Foods Holdings averred all along; as Mr. Helm conceded all along, until the last few minutes of the five hour preliminary injunction hearing; and as this Court assumed all along, as ownership was never made an issue (until, of course, at the end of the preliminary injunction hearing).

The Court finds that correcting the record to include the certified trademark registrations issued by the United States Patent and Trademark Office would clarify what actually occurred before the Court. The Court does not believe that adding the certified trademark registrations would be falsifying the record or plainly unreasonable, given the unusual circumstances surrounding the evidence that the Court relied upon in finding that Kraft Foods

Holdings owned the trademarks. The Court had sufficient facts before it to find that Kraft Foods Holdings is the owner of the Velveeta® trademark. Although the Court relied on ambiguous evidence, the Court nevertheless reached the correct conclusion.

By correcting the record to include the certified trademark registrations issued by the United States Patent and Trademark Office, the Court is not changing the substance of its order, neither is it adding new evidence. Kraft Foods Holdings is the owner of the Velveeta® trademark and was the proper party in this case at all times, from the day it filed its Complaint, up until the present day, and therefore, Kraft Foods Holdings has the requisite standing to sue.

## II. Federal Rule of Evidence 201(b)

A district court may take judicial notice of any adjudicative fact as long as the fact is "not subject to reasonable dispute and [is] either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997)(quoting FED. R. EVID. 201(b)). When taking judicial notice, a court accepts the particular fact as true without requiring additional proof from the parties. *Gen. Elec.*, 128 F.3d at 1081. However, the United States Supreme Court has noted that the party opposing the taking of

judicial notice is not prevented from disputing the matter and can proffer evidence which it claims disputes the judicially noticed fact. *Ohio Bell Tel. Co. v. Pub. Utils. Comm'n of Ohio*, 301 U.S. 292, 301 (1937).

The Seventh Circuit has previously determined that an "indicia of trustworthiness found in a public record" is a characteristic of a document that can be judicially noticed. *Gen. Elec.*, 128 F.3d at 1084. (finding that private settlement agreement was not appropriate for taking of judicial notice). Although the Seventh Circuit has not ruled on the trustworthiness of trademark registrations or whether they are the type of document capable of being judicially noticed, other circuit courts have taken judicial notice of trademark registrations or documents certified by the United States Patent and Trademark Office. *See, Metro. Publ'g, Ltd. v. San Jose Mercury News*, 987 F.2d 637, 641 n.3 (9th Cir. 1993); *Vitek Sys., Inc. v. Abbott Labs.*, 675 F.2d 190, 192 n.4 (8th Cir. 1982); *Enzo Biochem Inc. v. Gen-Probe, Inc.* 296 F.3d 1316 (Fed. Cir. 2002).

Further, judicial notice may be taken at any stage of the proceeding. FED. R. EVID. 201(f)(2002). Thus, although the underlying case is currently pending before the Seventh Circuit, this Court can take judicial notice of a fact in connection with the correction of the record pursuant to Federal Rule of Appellate Procedure 10(e). *See, id.* note of Advisory Committee. The Seventh

Circuit will review this Court's decision to take judicial notice under an abuse of discretion standard. *Gen. Elec.*, 128 F,3d at 1081.

Pursuant to the Court's finding above that the record must be corrected in order that the Seventh Circuit has a complete record of the proceedings which truly occurred before this Court, the Court takes judicial notice of the copies of the trademark registrations certified by the United States Patent and Trademark Office indicating that Kraft Foods Holdings is the owner of the Velveeta® trademarks. The Court finds that the certified trademark registrations have the "indicia of trustworthiness" inherent in a public record. Also, the accuracy of the trademark registrations can be readily determined by resorting to the records of the United States Patent and Trademark Office.

Further, Mr. Helm does not contest the accuracy of these documents, only that this Court does not have the authority to judicially notice the registrations at this juncture. Mr. Helm argues that to judicially notice the trademark registrations is to "contravene the record in the district court" and is contrary to the Seventh Circuit's decision in *Zell v. Jacoby-Bender, Inc.*, 542 F.2d 34 (7th Cir. 1976). (Def.'s Resp. Mot. Correct Rec. at 11.) The *Zell* court declined to depart from the general ruling barring an appellate court from considering evidence not presented to the trial court, because the proposed fact was not a "new development

which could not have been included in the record of this case." 542 F.2d at 38 (internal quotations omitted).

As this Court indicated above, adding the certified trademark registrations will not contravene the record, rather, it will correct the record to reflect what truly occurred before this Court. The Court has previously found that Kraft Foods Holdings is the owner of the Velveeta® trademark, although much of the evidence that led to the Court's conclusion is contradictory and misstated. Therefore, the certified trademark registrations are not a "new development" and were not originally included in the record, because the issue of ownership was satisfactorily resolved through the findings of this Court with the evidence that was before it. Further, this Court's decision is not contrary to *Zell*, because *Zell* dealt with an *appellate* court's taking of judicial notice of documents that were not before the district court. *See Zell*, 542 F.2d at 38 (emphasis added). In the case at bar, this Court, not the Seventh Circuit, is taking judicial notice, and therefore, its finding is not analogous nor adverse to *Zell*.

## CONCLUSION[6]

---

[6] In their respective motions to this Court, both parties presented certain arguments relating to matters that should be presented to the Seventh Circuit, including the Seventh Circuit's authority to carve out exceptions to Federal Rule of Appellate Procedure 10(e) and Federal Rule of Evidence 201(b). This Court will not address arguments concerning issues that are within the Seventh Circuit's power to resolve, because such issues should be discussed by the Seventh Circuit if it chooses, and are not
(continued...)

The Court finds that the record should be corrected in order to provide the Seventh Circuit with an accurate record of what truly occurred in the district court. The Court's previous finding that Kraft Foods Holdings is the owner of the trademark was based on the reiteration of this fact in the briefs filed by both parties, the use of the generic name "Kraft" at all times during the proceedings, including in Mr. Oglesby's affidavit and at the hearing, the exhibit which contained various Velveeta® registrations with various "Kraft" entities named therein, and the exhibit showing the intellectual property designation "© KF Holdings" under the Velveeta® advertisement. The Court does not deny that it based its finding of Velveeta®'s ownership on erroneous or ambiguous information. However, the Court did not realize the erroneous or ambiguous nature of the evidence at the time, and thus, the Court's reconstruction of the record is not intentionally false nor plainly unreasonable.

Therefore, the Court hereby judicially notices into the record the certified trademark registrations issued by the United States Patent and Trademark Office, such registrations which are located in Exhibit A of Kraft Foods Holdings' Motion to Correct the Record

---

⁶(...continued)
within this Court's purview. If the Seventh Circuit determines that this Court exceeded its authority in finding that the record should be corrected, then any objections to that ruling, including arguments relating to courts' of appeals discretion to expand the record or take judicial notice, should be presented to the Seventh Circuit.

and for Judicial Notice.

**IT IS THEREFORE ORDERED** that Kraft Foods Holdings, Inc.'s Motion to Correct the Record and for Judicial Notice be, and the same hereby is, **GRANTED**.

DATED: November 1, 2002         ENTER:

*[signature]*
ARLANDER KEYS
United States Magistrate Judge